## NEW YORK LIFE INS. CO. v. NAIFEH, Adm'r.

*98 P. 2d 1101.*

No. 28827.   Nov. 14, 1939.

William F. Tucker, William H. Martin, and Clarence M. Warren, all of Tulsa, for plaintiff in error.

W. V. Pryor and Joe S. Rockwood, both of Sapulpa, for defendant in error.

CORN, J.   This is an action to recover on two insurance policies. The cause was submitted to the court below on an agreed statement of facts. Judgment was for the plaintiff, and the defendant, insurance company, appealed. Herein parties are referred to as plaintiff, the insured, and the defendant insurance company.

The action was originally commenced by the insured during her lifetime by filing her petition in said court on June 7, 1932, claiming disability benefits provided in the policies, the same being $10 per month from each policy. On May 5, 1935, the insured died, and on September 11, 1935, Sam Naifeh was appointed administrator of her estate and the cause was revived in his name.

The agreed statement of facts shows that the first policy was issued in August, 1928, and by reason of the payment of the first premium continued in force and effect until August 17, 1929, and that the 30 days' grace period carried the policy in force until the 18th day of September, 1929. The second policy was issued in August, 1928, and by reason of the payment of the first premium continued in force until August 30, 1929, and the said policy remained in force an additional 30 days by reason of the grace period provided by the policy. No further premiums were paid and the pol-

icies lapsed unless kept alive by the terms of the policies with reference to waiver of premium payments. The stipulation further shows that the insured became totally and permanently disabled on or about September 5, 1929, and that the company received notice of permanent and total disability, accompanied by proof thereof, on June 9, 1930, the claim being made for benefits under the policies sued upon herein, and another policy which the insured had with this company, and that the company accepted such proof as to the latter policy, but declined to pay the benefits under the two policies involved in this action for the reason that the notice and proof of disability was not furnished the company within six months after the disability occurred. The two policies sued upon in this case are identical in every particular, except as to date, and the disability occurred within the grace period of the first policy.

Each of said policies contains the following provision:

"Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted:

"(a) Waiver of Premium. The company will waive the payment of any premium falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred.

"(b) Income Payments. The company will pay the Insured the monthly income stated on the first page hereof ($10 per $1,000 of the face of this policy) for each completed month from the commencement of and during the period of continuous total disability. If disability results from insanity, payment will be made to the beneficiary in lieu of the Insured.

"In event of default in payment of premium after the Insured has become totally disabled as above defined, the Policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default."

The policies sued upon provide for the payment of $1,000 to the beneficiary upon proof of the death of the insured. The policies also contain the double indemnity feature for accidental death, and, as may be observed from the above excerpts from the policies, provision is made for monthly income payments during the period of total disability, and for waiver of premiums falling due during such period of disability.

The controversy in this case arises out of the premium waiver provision, the theory of the plaintiff being that the policies remained in full force and effect without the payment of premiums due to the fact that the insured became totally disabled before the expiration of the grace period following default in the payment of the second annual premium due under the terms of the contract, while the insurance company insists upon a strict interpretation of the first provision with reference to proof of disability before default in payment of premium, and finally rests its case upon the failure of the insured to make proof of disability within six months.

In the case of New York Life Ins. Co. v. Riggins, 178 Okla. 36, 61 P. 2d 543, this court had under consideration policies the form of which, and particularly the provisions involved, were similar if not identical to those now before us; and in that case it was held that the making of proof of disability prior to default in the payment of premiums was not a condition precedent to liability where the contract, considered as a

whole, did not so indicate. And it was therein pointed out that the second provision relating to waiver of premiums authorized a retroactive restoration of the policy in the event proof of disability is furnished within six months after default. But that was where the disability began prior to default in payment of premium. We have been cited no decision in this jurisdiction involving the waiver of premiums provision where the total disability occurred during the grace period. In considering this question we must again consider the contract as a whole and reconcile all its provisions and place such construction upon the same as will effectuate the manifest purpose of the policy. As a minimum requirement the statutes write into every life insurance policy issued or delivered in this state a grace period of one month for the payment of every premium after the first year, and we are of the opinion that the grace imposed by the statute extends to the waiver of premium provision as well as to the payment of premiums. Total permanent disability is one of the contingencies against which the insurance was written, the purpose of which is to enable the insured to enjoy the protection of the insurance during that period of physical and financial distress when it is most difficult to pay the premiums and to keep the policy in force.

However, the provision for the restoration of the policy in the event of default after the insured has become totally disabled, upon proof of such disability not later than six months after default in the payment of premium, is not inconsistent with the other provisions of the policy or with the purpose thereof, and it is a reasonable provision and one that must be complied with as a condition precedent to restoration of the policy. In the case of New York Life Insurance Co. v. Riggins, supra, we recognized the six-months provision as a limitation upon the right to invoke the waiver of premiums feature of the policy, in language as follows:

"It is at once apparent that in order for the disability feature of the policy to be effective in accord with the terms thereof, some provision must exist for disability after the premium paying date. Such a provision was and is incorporated in the policy now before us which authorizes the proof to be made within six months after default in the payment of premiums.

"We therefore conclude that under the terms and provisions of the policy now before us, it was competent that proof of disability be made within six months after default in the payment of premiums and that such proof when made within the time specified operated to effect a retroactive restoration of the policy."

Having failed to make the required proof within the specified time, the right to have the policy restored was lost and the policy lapsed as of the date of the expiration of six months after the grace period.

The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for the defendant.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.